FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   JUN 9 - 2006   ★
TIME A.M. _____ P.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHEUNG WAI HUNG,

                              Petitioner,                    00 CV 5813 (SJ)

    - against -                                        **MEMORANDUM
                                                                                                                                                       & ORDER**


UNITED STATES OF AMERICA,

                              Respondent.
------------------------------------------------------------X
A P P E A R A N C E S:

CHEUNG WAI HUNG
#04266-082
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072
Petitioner *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201
By:    Peter Norling, Esq.
Attorney for Respondent


JOHNSON, Senior District Judge:

      Presently before this Court is a motion to vacate, set aside, or correct a

sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"), from Cheung Wai

1

Hung ("Petitioner"), acting *pro se*. Petitioner challenges the sentence imposed under criminal docket number 97 CR 660 (S-9) on the grounds of ineffective assistance of counsel for (1) his counsel's failure to raise downward departure considerations based on extraordinary family circumstances for the Court's consideration during sentencing and (2) his counsel's failure to file a notice of appeal based on this alleged sentencing infirmity. For the reasons stated herein, Petitioner's motion is hereby DENIED as to the first ineffective assistance of counsel claim. The Court reserves judgment on the second ineffective assistance of claim, pending further submissions and proceedings.

## BACKGROUND

On September 18, 1998, Petitioner pled guilty, pursuant to a written plea agreement, to conspiring with others to import heroin into the United States, in violation of 21 U.S.C. §§ 960(a)(1) and 963. Petitioner's plea agreement (the "Plea Agreement") advised him of the statutory penalties applicable to the charged offense, most notably, a maximum sentence of life imprisonment, 21 U.S.C. § 960(b)(1)(A), and a minimum sentence of 10 years (120 months) of imprisonment, id. (Resp't Mem. Law Opp'n § 2255 Mot., Ex. 2 at ¶¶ 1(a), (b).)[1]

---

[1] Unless otherwise noted, Exhibit 2 of Respondent's Memorandum of Law in Opposition to the § 2255 Motion will hereinafter be cited to as the "Plea Agmt."

2

The Plea Agreement, signed by Petitioner, the attorney that represented him up until and including plea allocution, Mildred Whalen, Esq., and Respondent, also advised Petitioner that his sentence was governed by the United States Sentencing Guidelines (the "Guidelines"). (Plea Agmt. ¶ 2.) In calculating Petitioner's sentencing guidelines range, Respondent started with a base offense level of 34, given the type and quantity of drugs attributable to him, namely, 3.5 kilograms of heroin. Plea Agmt. ¶ 2; U.S. Sentencing Guidelines § 2D1.1(c). Respondent then enhanced the base offense level by two points for Petitioner's managerial role in the charged offense. Plea Agmt. ¶ 2; U.S. Sentencing Guidelines § 3B1.1(c). Finally, Respondent decreased Petitioner's offense level by three points for his acceptance of responsibility, which resulted in an adjusted offense level of 33. Plea Agmt. ¶ 2; U.S. Sentencing Guidelines § 3E1.1(b). This offense level carried a range of imprisonment of 135 to 168 months, assuming that Petitioner had no prior convictions. (Plea Agmt. ¶ 2.)

As part of the Plea Agreement, Petitioner also confirmed that he would not "file an appeal or otherwise challenge the conviction or sentence" imposed "in the event that the Court impose[d] a sentence within or below the range of imprisonment set forth" in the Plea Agreement. (Plea Agmt. ¶ 4.) This provision applied even if the Court employed a Guidelines analysis different from that set forth in the Plea Agreement. (Plea Agmt. ¶ 4.)

3

Soon after Petitioner entered his plea, on October 7, 1998, Lisa Scolari, Esq. ("Counsel") filed a notice of appearance as retained counsel for Petitioner, and represented him during sentencing proceedings. (See Docket 97 CR 660 (S-9), Entry 47.) Following his plea, and while represented by Counsel, Petitioner attempted to enter into a cooperation agreement with Respondent. (Resp't Mem. Law Opp'n § 2255 Mot., Mark Calnan Aff. ¶ 8, Jan. 12, 2001.) While accompanied by Counsel, Petitioner attended numerous proffer sessions with the Federal Bureau of Investigation, during which he admitted engaging in drug trafficking, credit card fraud, counterfeit currency trafficking, and alien smuggling. (Mark Calnan Aff. ¶ 8.) Despite these efforts, Respondent decided not to enter into a cooperation agreement with Petitioner, based on his "failure to admit his participation in a host of other illegal activities of which the government was aware." (Resp't Mem. Law Opp'n § 2255 Mot. at 6.)

Prior to Petitioner's sentencing, the United States Probation Department ("Probation") issued a pre-sentence investigation report (the "PSR"). The PSR confirmed that Petitioner's adjusted offense level was 33. (Resp't Mem. Law Opp'n § 2255 Mot. at 7.) After determining that he had a criminal history category of I, Probation further confirmed that the applicable imprisonment range was 135 to 168 months. (Resp't Mem. Law Opp'n § 2255 Mot. at 7.) On the date of sentencing, however, Counsel advised the Court that the parties agreed to stipulate

4

that "one to three kilos is the right amount of drugs for" Petitioner, thus lowering his total offense level to 29. (Resp't Mem. Law Opp'n § 2255 Mot., Ex. 4 at 3:11-24.) This offense level carried an imprisonment range of 108 to 135 months. (Resp't Mem. Law Opp'n § 2255 Mot., Ex. 4 at 3:11-24.)

Notwithstanding the sentencing guideline range stipulated to by the parties, the Court sentenced Petitioner on March 31, 2000 principally to 120 months of imprisonment, the statutory minimum for the convicted offense, because Petitioner was not eligible for the safety valve. (See Resp't Mem. Law Opp'n § 2255 Mot., Ex. 4 at 4:20-25.) Petitioner did not directly appeal his sentence.

Petitioner filed the instant § 2255 Motion on September 21, 2000. Petitioner contends in that motion that Counsel rendered ineffective assistance because she failed to move during sentencing for a downward departure on the basis of extraordinary family circumstances. Although not noted in his § 2255 Motion as a separate ineffective assistance of counsel claim, Petitioner also alleges that Counsel failed to follow his specific instructions to file a notice of appeal in this case.

## DISCUSSION[2]

---

[2] In addressing the present petition, the Court is mindful that Petitioner was proceeding pro se in submitting both the § 2255 Motion and his reply papers, and his submissions will therefore be liberally construed and read to raise the strongest arguments they suggest. See, e.g., Abrahamson v.

5

## I. The Anti-Terrorism and Death Penalty Act

Section 2255 of Title 28 of the United States Code provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. A petitioner may not however employ a § 2255 petition to re-litigate claims already raised and considered on direct appeal. See United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001). In addition, a petitioner generally may not assert a claim in a § 2255 petition that he or she failed to raise on direct appeal unless the petitioner shows cause for the omission and prejudice resulting therefrom. See Bousley v. United States, 523 U.S. 614, 622 (1998). This rule of procedural default, however, does not extend to claims of ineffective assistance of counsel, which "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

---

United States, No. 03 CV 4677, 2004 U.S. Dist. LEXIS 7150, at *2-3 (S.D.N.Y. Apr. 26, 2004).

6

P-049

Procedural default is not the only hurdle faced by § 2255 petitioners. Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, went into effect on April 24, 1996 and imposed a requirement that relief under § 2255 is now generally subject to a one-year statute of limitations. Federal habeas petitions must be filed within a one-year period, which begins to run, with certain exceptions, either after the petitioner has exhausted direct appeals or after the time for seeking appellate review has expired.[3] This limitations period may, however, be equitably tolled in rare and exceptional circumstances. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks and citation omitted).

In this case, Petitioner's § 2255 Motion is timely, as it was filed on September 21, 2000, which was less than one year after April 24, 2000, the date on

---

[3] Specifically, § 2255 states:
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

7

P-049

which the time for seeking appellate review expired.[4] Therefore, the Court will consider the merits of Petitioner's claims.

## II. Counsel's Failure to Request a Downward Departure at Sentencing

### A. *Waiver of Right to Appeal and Otherwise Challenge the Sentence*

Notwithstanding his guilty plea, Petitioner alleges that Counsel was ineffective in failing to move for a downward departure from the sentencing guidelines range on the basis of extraordinary family circumstances, pursuant to section 5H1.6 of the Guidelines. Petitioner specifically alleges that, at the time of his incarceration, he was the main provider for his family. (Mem. Law Supp. § 2255 Mot. at 5.) Petitioner also avers that his wife, who is also the mother of his three children, has suffered from severe depression, poverty, and her own period of incarceration, circumstances that have left his children without a legal parent or guardian. (See Mem. Law Supp. § 2255 Mot. at 5.) As evidenced by Petitioner's submissions, his three children (at least during the pendency of his criminal case) were living in a group home in Toronto, Canada. (Mem. Law Supp. § 2255 Mot.,

---

[4] Under Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, Petitioner had 10 days after "the entry of either the judgment or order being appealed" to file a notice of appeal. Petitioner was sentenced on March 31, 2000, and judgment was entered on April 10, 2000. See Docket No. 97 CR 660 (S-9), Entry 166-167. Petitioner's conviction therefore became final on April 24, 2000. This date was calculated in accordance with Rule 26(a)(2) of the Federal Rules of Appellate Procedure, which requires that a calculation of the appropriate period of time to file a notice of appeal "[e]xclude intermediate Saturdays, Sundays and legal holidays when the period is less than 11 days, unless stated in calendar days." Id.

8

P-049

Ex. B.) Petitioner asserts that, although Counsel was aware of these extreme family circumstances, she did not request a corresponding downward departure at sentencing. (See Mem. Law Supp. § 2255 Mot. at 5.)

Generally, "knowing and voluntary waivers of a defendant's right to appeal a sentence within an agreed Guidelines range are enforceable." United States v. Salcido-Contreras, 990 F.2d 51 (2d Cir. 1993) (citation omitted). A defendant who knowingly and voluntarily agrees to waive the right to appeal a certain sentence may not then "appeal the merits of a sentence conforming to the agreement." Salcido-Contreras, 990 F.2d at 52. "Such a remedy would render the plea bargaining process and the resulting agreement meaningless." Id. Waivers of the right to seek collateral relief under 28 U.S.C. § 2255 are enforceable to the same extent as waivers of direct appeal. Groppi v. United States, No. 05 CV 7058, 2006 U.S. Dist. LEXIS 641, at *11 (S.D.N.Y. Feb. 17, 2006) (citing Garcia-Santos v. United States, 273 F.3d 506 (2d Cir. 2001) (upholding a waiver of collateral relief even when the petitioner had been mistakenly informed by a district judge that he had the right to appeal[5]). The Court is, however, required to construe the "terms of the plea agreement narrowly, using applicable principles of contract law." United

---

[5] While not raised by Petitioner, the Court notes that the record reflects that the Court unintentionally misinformed Petitioner in a similar manner regarding his appeal rights. However, it is clear from Garcia-Santos that such an inadvertent error by a district court does not render this type of waiver unenforceable.

9

States v. Ready, 82 F.3d 551, 556 (2d Cir. 1996).

Notwithstanding the general rule against challenging pleas and sentences where such rights have been waived, "important constitutional rights require some exceptions to the presumptive enforceability of a waiver." United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000). For example, a court should only enforce a waiver "if the record 'clearly demonstrates' that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." Ready, 82 F.3d at 557 (citation omitted). "However, even a defendant's knowing and voluntary waiver may be unenforceable if any act of ineffective assistance of counsel led to the waiver." Villar v. United States, No. 05 CV 3230, 2006 U.S. Dist. LEXIS 397, at *10 (S.D.N.Y. Jan. 6, 2006) (citing United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004)).

In this case, Petitioner does not contend that the waiver of his right to appeal or to "otherwise challenge" his sentence was not knowing and voluntary. The Court's review of the record independently confirms that Petitioner reviewed the Plea Agreement and the waiver provisions contained therein.[6] Petitioner also

---

[6] During Petitioner's plea allocution, the following colloquy took place between Petitioner and the Court:

> THE COURT: [The plea agreement] is written in English, and my question to you is: Did you read and understand this in English, or was it translated

10

P-049

does not allege that either Counsel or Mildred Whalen ineffectively assisted him at any stage of the criminal proceedings up the point where he signed the Plea Agreement and entered his plea. Rather, his claim that Counsel failed to request a downward departure at sentencing is merely an impermissible attempt to circumvent his knowing and voluntary waiver of his right to appeal or otherwise challenge his sentence. See Santiago-Diaz v. United States, 299 F. Supp. 2d 293, 299 (S.D.N.Y. 2004). Petitioner is therefore barred by the Plea Agreement from challenging his conviction on these grounds.

### B.  *The Merits of the Claim*

Even if the Plea Agreement did not bar collateral review of this ineffective assistance claim, Petitioner's claim would still fail on the merits. The Supreme Court has held that claims of ineffective assistance of counsel arising out of challenges to guilty pleas are governed by the standard established in Strickland v.

---

|  |  |
|---|---|
|  | for you by someone? |
| PETITIONER: | Someone translated it for me. |
| THE COURT: | And did you understand the translation? |
| PETITIONER: | Yes. |
| . . . |  |
| THE COURT: | Now, according to . . . the plea agreement, you agree not to file an appeal or otherwise challenge your conviction or sentence in the event that this court sentences you within or below those Guidelines; do you understand that? |
| PETITIONER: | Yes. |

Resp't Mem. Law Opp'n § 2255 Mot., Ex. 3 at 12:13-20; 14:1-5.

Washington, 466 U.S. 668 (1984). Hill v. Lockhart, 474 U.S. 52, 57 (1985). In Strickland, the Supreme Court established a two-part test to determine whether a counsel's assistance was ineffective. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 688. When evaluating counsel's performance, a court must examine the circumstances of counsel's conduct from counsel's perspective at the time rather than from hindsight. Id. at 689. Moreover, in order to satisfy the first prong of Strickland, Petitioner must overcome the strong presumption that the challenged action or inaction may be considered reasonable strategy. Id.

Second, Petitioner must show that counsel's performance prejudiced his defense. Id. at 692. To show prejudice, there must be a "reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different." Id. at 694. As the Supreme Court stated, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Unless Petitioner satisfies both of the requirements of Strickland, it cannot be said that the conviction "resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 687. However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at

12

P-049

697.

Here, Petitioner has not demonstrated any prejudice resulting from Petitioner's allegedly deficient performance. As previously discussed, the low-end of Petitioner's offense was governed by a statutory minimum period of incarceration of 120 months, from which the Court could not depart in the absence of safety valve eligibility or a letter from Respondent evincing Petitioner's cooperation in other criminal investigations, pursuant to 18 U.S.C. § 3553(e). In this case, neither exception existed. Petitioner was not eligible for a downward departure below the statutory minimum sentence of 120 months, regardless of what motions Counsel may or may not have presented to the Court. For this reason, Petitioner's ineffective assistance of counsel claim is without merit.

### III. Counsel's Failure to File a Notice of Appeal

Although not set forth as a specific ground for Petitioner's § 2255 Motion, Petitioner vehemently contends that he asked Counsel to file a notice of appeal after he was sentenced by this Court, and that she failed to do so.[7] (Mem. Law

---

[7] Petitioner also alleges that he asked Counsel to file a motion to correct his sentence, in accordance with Rule 35 of the Federal Rules of Criminal Procedure, and that Counsel did not do so. As proof of this allegation, Petitioner has submitted a copy of a letter, dated April 6, 2000, that was sent to Counsel and that contained this request. This letter was also sent to the Court and to the relevant federal prosecutor. The Court notes that this letter also appears on the docket for Petitioner's underlying criminal case. (See Docket No. 97 CR 660 (S-9), Entry 172.)

P-049

Supp. § 2255 Mot. at 5.)

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the United States Supreme Court held that a lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable, id. at 477, and prejudice will be presumed where counsel's error leads to the "forfeiture of a proceeding itself," id. at 483-84.[8] This per se rule of ineffective assistance of counsel was recently revisited by the United States Court of Appeals for the Second Circuit (the "Second Circuit") in Campusano v. United States, No. 04-5134-pr, 2006 U.S. App. LEXIS 8182, at *1 (2d Cir. Mar. 23, 2006). In that case, Campusano, who pled guilty to various narcotics offenses, filed a § 2255 motion, alleging that his counsel failed to file a notice of appeal despite his requests. Campusano's plea agreement, like Petitioner's, contained a promise not to appeal or otherwise challenge his sentence if it fell within a stipulated range.

The Campusano court resolved an issue particularly salient to this case, namely, whether the Flores-Ortega presumption of prejudice applies to a defendant who has waived the right to appeal in a plea agreement. Id. at *6. After first acknowledging the presumptive enforceability of waivers, the Second Circuit stated that important constitutional rights are "endangered if counsel fails to pursue

---

[8] The Court notes that the Supreme Court decided Flores-Ortega on February 23, 2000, prior to the date of finality of Petitioner's sentence.

14

an appeal without advising a client of the reasons for doing so." Id. at *10. The Campusano court further noted that its "precedents take very seriously the need to make sure that defendants are not unfairly deprived of the opportunity to appeal, even after a waiver appears to bar appeal." Id. at *12.

The Second Circuit ultimately held that, even if the defendant waived the right to appeal, "where counsel does not file a requested notice of appeal and fails to file an adequate Anders brief,[9] courts may not dismiss the hypothetical appeal as frivolous on collateral review." Id. at *11 (citation omitted). The Second Circuit further noted that "[u]nder the plain teaching of Flores-Ortega, the defendant on habeas review is not required to establish the merits of any claim that he would have raised on direct appeal." Id. at *12 (citation omitted). This holding confirmed the applicability of the Flores-Ortega prejudice presumption in the waiver context.

Following the guidance of Flores-Ortega and Campusano, this Court must first determine whether Petitioner did in fact give Counsel specific instructions to

---

[9] Generally, attorneys who believe their client's appeal would be frivolous are required to file a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Campusano, 2006 U.S. App. LEXIS 8182, at *8. Anders requires that counsel submit a brief to the appeals court and to the defendant, requesting withdrawal but "referring to anything in the record that might arguably support the appeal." Id. (citation omitted). The appeals court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Id. (citation omitted). Where a defendant has waived his right to appeal, an Anders brief must address: (1) whether the plea and waiver were knowing, voluntary, and competent; (2) whether it would be against the defendant's interest to contest his or her plea; and (3) any issues implicating rights that cannot be, or arguably were not, waived. Id. (citing Gomez-Perez, 215 F.3d at 319).

15

P-049

file a notice of appeal. Thereafter, the Court must determine whether Counsel in fact failed to comply with those instructions, thus rendering Counsel's assistance ineffective and entitling Petitioner to a direct appeal. See id. at *14.

The Second Circuit has stated that "a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the allegedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998).

Therefore, Counsel shall be given the opportunity to respond to Petitioner's claims regarding her representation, particularly the questions of whether Counsel received specific instructions from Petitioner to file a notice of appeal in his criminal case and, if such a request was made, whether Counsel complied with those instructions, as well as any other issue raised by Petitioner in his § 2255 Motion, if not already disposed of by this opinion. Counsel shall have until thirty (30) days after receiving this Order to file and serve this information in the form of an affidavit or brief. Respondent may also file additional submissions on these questions, if necessary, within this time period for the Court's consideration.

## CONCLUSION

After reviewing the filings and the relevant portions of the record,

P-049

Petitioner's § 2255 Motion as to the ineffective assistance of counsel claim based on Counsel's failure to raise downward departure considerations at sentencing is hereby DENIED. The Court reserves judgment on the second ineffective assistance of claim, pending further submissions and proceedings.

SO ORDERED.

Dated: June 7, 2006
      Brooklyn, New York

s/SJ

Senior U.S.D.J.

cc:    Lisa Scolari, Esq.
        20 Vesey Street
        Suite 100
        New York, NY 10007
        Counsel for Petitioner